UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN EUGENE GILLISPIE,

        Plaintiff,

v.

        Case No. 14-cv-749-pp

DAVID A. CLARKE, JR.,
MAJOR BURMEISTER,
and LT. TOWNE,

        Defendants.

## DECISION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION OR, IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY AND STAY AMENDED SCHEDULING ORDER

On March 30, 2015, the court issued an amended scheduling order based on the parties' stipulation to amend the original scheduling order. Under the amended scheduling order, the parties agreed that the plaintiff would provide discovery responses to the defendants' written discovery requests by April 9, 2015.

On April 22, 2015, the defendants filed a motion to dismiss this case for lack of prosecution because the plaintiff has failed to respond to their discovery requests. Alternatively, the defendants ask the court to compel the plaintiff to provide written discovery responses by May 5, 2015, or face dismissal of this action for failure to prosecute. They also ask the court to stay the remaining deadlines in the amended scheduling order.

1

Federal Rule of Civil Procedure 37(b)(2) authorizes a court to impose a variety of sanctions—up to and including dismissal of the case—where a party "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2). Dismissal is a harsh sanction, however, and courts should use it only in limited circumstances. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Courts should impose the sanction of dismissal only after issuing a warning that such a sanction could occur. *See Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); *see also In re Thomas Consolidated Indus., Inc.*, 456 F.3d 719, 727 (7th Cir. 2006).

Here, the plaintiff has failed to comply with the court's amended scheduling order (whose terms he agreed to in a written stipulation he filed on March 26, 2015), which required the plaintiff to respond to the defendant's discovery requests by April 6, 2015. Although the court previously warned the plaintiff that failure to follow court orders could result in dismissal of this case for failure to prosecute, the court issued this warning in the original scheduling order, and not in a separate, explicit warning. *See Wellness Intern. Network, Ltd. v. Sharif*, 747 F.3d 751, 780 (7th Cir. 2013) ("The sanctions of dismissal and entry of default are strong medicine, so before a court imposes such a sanction it must find by clear and convincing evidence that the party against whom the sanction is imposed displayed willfulness, bad faith, or fault."); *cf. Ball*, 2 F.3d at 755 (a district judge's standing order that merely repeats that dismissal for failure to prosecute is a possible sanction for failing to comply

2

with the schedule set by the court is too general a warning to support dismissal for failure to prosecute under Rule 41(b)). Accordingly, the court will deny the defendants' motion for failure to prosecute.

The court will grant the defendants' motion to compel the plaintiff to provide written responses to the defendants' discovery requests. The plaintiff shall respond to the defendants' request by **June 12, 2015**. If the plaintiff does not provide the defendant with written responses to the defendants' discovery requests by June 12, 2015, the court will dismiss this case pursuant to Fed. R. Civ. P. 37(b). Finally, the court will grant the defendants' request to stay the deadlines in the amended scheduling order. If the plaintiff provides the written discovery responses by June 12, 2015, as required by this order, the court will issue new deadlines.

The court **DENIES** the defendants' motion to dismiss for lack of prosecution (ECF No. 22).

The court further **GRANTS** the defendants' motion to compel discovery (ECF No. 22). The court **ORDERS** the plaintiff to provide written responses to the defendants' discovery requests by **June 12, 2015**.

The court **ORDERS** that if the plaintiff does not provide written responses to the defendants' discovery requests by **June 12, 2015, the court will dismiss this action** pursuant to Federal Rule of Civil Procedure 37(b).

The court **GRANTS** the defendants' request to stay the amended scheduling order (ECF No. 22).

Dated at Milwaukee this 19th day of May, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Court Judge